ALEXANDER ZOLOTOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90883.   Promulgated April 30, 1940.

*Bernard J. Reis, C. P. A.,* for the petitioner.
*S. U. Hiken, Esq.,* for the respondent.

OPINION.

HILL: The issue arising in this case is the year of taxable receipt of certain interest payments credited to petitioner's account in the years 1924 and 1925 but freed from the shadow of any legal dispute only in the year 1927.

In his petition the petitioner set forth, as the basis for the assignment of error, that he was under no obligation to make a return for the taxable years, inasmuch as the withholding agent was required to make a return in his behalf. We understand that position to have been abandoned by petitioner in view of the provisions of sections 210, 217, and 221 (d) of the Revenue Acts of 1924 and 1926. There are, however, in paragraphs four and five of the petition additional statements which constitute adequate assignment of other points pressed by the petitioner on trial and on brief. Respondent's motion for decision on the pleadings is, therefore, denied.

On the evidence, however, our decision must be for the respondent. Whether the interest payments standing in petitioner's name with

the Fidelity International Trust Co. be regarded as funds in the hands of petitioner's agent or as a credit given him by a solvent banking institution, it seems clear that these amounts were subject to his immediate and unfettered control and were constructively received by him. *Sara A. Tubohy*, 34 B. T. A. 444; *Huntington National Bank, Trustee*, 32 B. T. A. 342; *Ella C. Loose, Executrix*, 15 B. T. A. 169; *Loose* v. *United States*, 4 Fed. Supp. 375; affd., 74 Fed. (2d) 147, and cases there cited; *Albert J. Sullivan*, 16 B. T. A. 1347.

It has often been noted that the doctrine of constructive receipt is to be used with caution; under the citations given, nevertheless, situations comparable to the present have been recognized as appropriate for its application. The account opened by the trust company might have been used by the petitioner at any time he chose through the simple expedient of a draft or check. It appears that the money would have been transmitted by the trustee to the petitioner as soon as it was received except for instructions given that it be retained.

Petitioner contends that he had no use of the interest payments during the taxable years for the reason that he was in ignorance of their existence. Whatever weight this circumstance might have if shown by competent evidence to be true, no proof has been offered in substantiation. On the contrary, his counsel stated on the trial that petitioner was informed in 1923 of the reorganization and placed the matter in the hands of his attorneys. In addition there was some evidence that the petitioner instructed the trust company to retain the credited funds. Petitioner has failed to offer any evidence in opposition from which we may find that he was unaware of the payments of interest.

The argument of the petitioner runs, however, that the interest payments were made on bonds given without his consent or knowledge in settlement of a valid obligation that might have been enforced in full through court action; that during the taxable years he could not use the interest credited to him without ratifying the very settlement which he was then contesting in court; that the condition of his acceptance of the settlement blocking his use of the interest nullified the unfettered control of the funds that is required for the operation of the idea of constructive receipt.

A similar argument was made to the Board in *William Parris*, 20 B. T. A. 320, where taxpayer contended that royalty payments due from his lessee were not received in the years when they were payable (on the presentation by taxpayer of a signed division order), since at that time taxpayer was contesting the lease, asking its cancellation, and the signing of the required division order and use

**994**

of the funds would have prejudiced his position. He had been so advised by counsel. In that case we said:

\* \* \* We need not determine whether petitioner was correctly advised and whether his position would have been prejudiced by signing a division order, for in any event our decision as to whether the income was constructively received is not affected. If he elected not to take possession of income which was subject to his demands because of some benefit which would thereby accrue to him, the amount is nevertheless constructively received \* \* \*

Similarly, in *Harry B. Hurd*, 12 B. T. A. 368, where the taxpayer received as income certain securities to the terms of which he objected. Although he took manual delivery of the certificates, he refused to accept them in settlement of the claims for which they were offered. We rejected the contention that the certificates were not received for taxation purposes in the year in which they were delivered into his unfettered control.

For similar holdings see *Esther Rentie*, 21 B. T. A. 1230; *Hamilton National Bank of Chattanooga, Administrator*, 29 B. T. A. 63.

In view of these decisions we think respondent must prevail in his determination that petitioner received taxable income in 1924 and 1925 in the amounts of interest credited to his account in the taxable years.

*Decision will be entered for the respondent.*